# In the District Court of Philadelphia.

## GERETY v. READING RAILROAD COMPANY.

Proceedings will be stayed until payment of the costs of a former action for the same cause between the same parties, although the former action was ended by a compulsory nonsuit.

Rule to stay proceedings.

Opinion delivered, September 15, 1873, by

THAYER, J.   The plaintiff having brought an action in this court, and failing upon the trial to make out his case was nonsuited by the court. He then commenced another action against the defendants for the same cause, without having paid the costs of the former action.   Thereupon the defendant took the present rule.   The practice of courts in staying proceedings in a second action for the same cause between the same parties, where the plaintiff has failed in his first suit, until he shall have paid the costs of that suit, is a very beneficial one, and too well settled to admit of any doubt.   It is founded upon the necessary control which courts of justice have over their proceedings, and their duty to prevent them from being made the means of oppression and vexation : 3 Wilson, 149 ; 2 Wm. Bl. 741 ; 1 Tidd's Pr. 94; 2 T. R. 501, n. ; Beames on Costs, 209.   It is a practice which, as has been well said, is convenient and just in all respects in which it can be viewed.   Whatever may have been its origin, it is not confined to actions of ejectment, but applies equally to *all forms* of action.   Nor is it confined to cases in which there has been a trial on the merits.   It is applicable also to cases of nonsuits : Nevitt v. Lade, 3 Doug. 396 ; and to cases of discontinuance, nos pros., and judgment on demurrer.   Neither will a slight variation of the name of the parties make any difference : Lampley v. Sands, 1 Tidd's Pr. 539 ; or the fact that the first action was in another court.   All these points have, in other places, been settled in various decisions.   In Pennsylvania, by a happy coincidence, they have all been determined in one, for in Flemming v. The Pennsylvania Insurance Company, 4 Barr, 475, an order for a stay of proceedings until the costs of a former action should be paid, was made in a case where the action was upon a policy of insurance, where the former action was in a different court, and was ended by a compulsory nonsuit, after the plaintiff had gone through his evidence, and where there was a slight variation in the parties to the two actions.   The justice and propriety of such orders can, therefore, no longer be open to questions in this State.   There may be, sometimes, cases of hardship, in which this restraint would not be put upon a plaintiff.   It rests in the discretion of the court, and a refusal to exercise this power is not assignable for error.  Withers v. Haines, 2 Barr, 435. In the present case we see nothing to exempt the plaintiff from the operation of the usual practice.   Rule absolute.

*A. D. Campbell,* Esq., for the defts. ; *D. W. Sellers,* Esq., for plff.